SiEAMh&süXj-Jmlge,
-delivered the ophvion'óf a majority of the- Coufi:
Fiúm this case it is evident thafthc D’cfehcíaht acted as agent or trustee for the Plainfi/T/ ai1d that it w’ás' the' understanding of the parties; h’6 whs to is ave iibiliirsg’foi' Isis trouble. ' It is equally clearthiat the ageist accounted for the Tobacco- at 19s. (under pretence’of having sbld for that price) and aftonvards sold for 24s. by which he' gained 5s. in each hundred weight. ‘ ‘
But it is'attempt'ed to be inferred from the statement that the Deftfmlailt was1 unable' to sell the Plaintiff’s To~ bacco for so’‘much as I9s. and with a view of obliging him, substituted one of his owri Hogsheads -that would1 command that price. Without enquiring, whether there bo sufficient -evidence-of fraud's if fhc conduct of the Defendant to óvéi;rule-t!ie verdíbt, wo' are of opinidn, -that it is not lit the pow£r!of an-agent to become a purchaser himself; nvithoist'leaving ifalso in-the-power of his principal to put an esid to the sale, (2 Brown Ch. Rep. 400, 430—5 Vesey jun. 680.) in the present case, tlse-l'laisi-ts :f has elected not to be bosiud' by the-exchange of the Tobacco,-which the Defendant in his'representative ella- *275 rae ter, thought fit to make with himself j and calls qppn, bim to account for the f.uliamou nt, and no, more, of, the Tobacco he was entrusted to.sell, and,which he lias sold; and this(hc is entitled .to by Jaw. pbe rule for a new' trial must thereforejbq.made.absoluto. . ■
.JIatjg, Judge,
contra. — Itseems that the Plaintiff, ho-ing indebted, did on the 22nd March 1808,, (),oliven to the Defendant the Tobacco, in question, to he by him. sold, and the money arising- from the sale to he applied towards the discharge of his-.debts.. In, .tbq.eourse of a week after that time, the Defendant, attempted .to sell- the. Tobacco in the town of Petersburg. -.The price of Tobacco at that time, on the face of the note, as it is called (that is although it had passed inspection, but the quality unknown to the purchasers) was 18s. Now had Kimble sold the Tobacco for that price, ho blame could have beep attached to him. But his own Tobacco having been opened and looked at, commanded a better price. He therefore substituted.ibis in the ropm of it, and sold it for 1-Ss, and applied the money towards tire discharge of the. Plaintiff’s debts,as he had .agreed, to do. At what time indeed, docs not appear ; but there is no complaint on .that score. In the month following,.he stated when asked, that he had-sold Mealor’s Tobacco at 19s. Now, as.he. had not sold Mealor’s but his own Tobacco, avow" dlly a substitute for it, and that for a greater price than Mealor’s would have brought, and applied the money to Mealor's use, he thereby,' I think, made Mealor’s Tobacco bis own, and had it fallen in price afterwards, he must have-borne the loss. IiCt it be remembered, that there is no allegation or proof.of fraud in the, Defendant. Months after this time, when Mealor’s debts wercfpaid off, the Tobacco was sqld for 24s. on a credit of four or five months, and it is alledged that the Plaintiff is entitled to the difference between 19s. and 24s. ■ Had it sold fpr 4s. only, the-Defendant must have borne the loss.. *276 Besides, it is well known that Tobacco generally rises in price, from the time it is inspected at least for one year, From this view of the case, rather than the Defendant should be compelled to settle with the Plaintiff at %4 s. per cwt, the Plaintiff should return to thé Defen» dant Is. per cwt. rating the Tobacco at 18s. the price it bore, when he substituted his own in the room of'it, and sold it for 19s.
But it is said a trustee shall not become a purchaser» and the case^ of (Fox v. Mockroth, 2 Brown Ch. Rep. 400, Forbes v. Ross, Ibid. 430—Whichcote v. Lawrence, 3 Vesey jun. 740, and Campbell v. Walker, 5. Vesey jun. 678,) are rplied upon. This position cannot be admitted except under certain limitations. I will examine it, but ■without believing that its solution is indispensable to a decision in the present case, forT can view no other per-nor? as the real púrchaserj but Ú. Johnstbn,
Ip the casé of Fox v, Mockroth, the trustee* who purchased, was decreed'still it» be a trustee, because he was guilty of á fráiid in taking an undue advantage of the: confidence reposed ip him. That case is founded in rea-gón and justice, and ought to be considered good authority, where a similar case shall occur. In thé pase of Forbes v. Boss, no fraud was' alledged against the1 trustee but through a misapprehension of his duty, he took niobey to himself at four pier cent, which the testator had directed to be laid Opt at the most that could, he got for it j giving as a reason for so doing, that the testator had loaned him money upon those terms during .fus life'. It appeared also, that the trustee wás a pian of large property? This is a short and certainly a very plain case ; for although there was no fraud pledged in the trustee, yet he became a gainer, and his cestui que trust, a loser by his conduct, and it matters not whether such conduct was induced by fraud or happened through ignorance. In the case of Whichcote v. Lawrence, the Chancellor observes, “ that it is not true as a naked position, that § *277 -trustee cannot buy of the cestui que trust,” and goes on to qualify it by observing, “ that it is plain, in point of Equity, and a principle of ch ar reasoning, that he who undertakes to aet for another, in any matter, shall not, in tiie same matter, act for himself. Therefore, a trustee to sell, shall not gain any advantage, by being himself the person to buy; because he is pot acting with that want of interest, that total absence of temptation* that duty in:posed upon him, that he should gain no profit to himself.” In the same case, his Lordship observes that he does not recollect any case, in which the mere abstract rule came to be tried distinctly, abstracted from the consideration of advantage* made by the purchasing trustee; for unless advantage be made, the act of purchasing will never lie questioned. From these authorities, it appears/that Courts of Equity interfere to declare trustees still to' be trustees,' where a benefit accrues to themselves, ánd a loss to their cestui que trust, in consequence of their having become purchasers.
If then, Kimble was the purchaser of the Tobacco in question, that purchase is riot shaken by the principles bri which these cases profess to have been decided ; because he gained no profit to himself thereby, and instead óf a loss, a benefit accrued to (lie Plaintiff. It remains to beieen, what hearing the case of Campbell v. Walker, will have op this case. In that case, the master of the Rolls says, “there never was a rule that no trustee should buy,” but adds, that “ if they do purchase bona Jide,i they purchase subject to the equity, that if the cestui que trust come in a reasonable time, they may call to have the estate resold.” To examine this case by that pule, it must be kept in view, that Mealor, the Plaintiff was indebted to Cheek’s executors, which débt, as well, as the one due to Kimble, was to be discharged by the proceeds of the sale of the tobacco. This sale took, place on the 1st day of April, 1808, in consequence of which-those debts were promptly discharged. A month after- *278 wards, this fact was disclosed .by the Defendant to the Plaintiff, except that he said, he had sold Mealor’s tobacco, when in fact he had- sold his own.. This literal deviation from truth seems to give some umbrage ;■ but ■itshould.be recollected, by way of extenuation, that two-hogsheads of tobacco, made in the same neighbourhood, of the same weighty {or, so nearly.so,, that the circumstance makes, no difference,-) when offered for sale on the face of the note, (that; is without the quality of either being known,) are as much without ear marks as two bushels of wheat out of the same field ; and as far as there was any difference in the present case, the advantage was on the side of the Defendant. Be that as it may, Mealor’s debts being paid, lie remained satisfied two, year.s and seven months -, for this suit-was not brought, until.the 15th November, 1810. This, to.be sure, is not made part of the case now before the. Court; but if it be of any importance, and does not appear, (and it seems to be so from the case last cited,) why may riot this Court as well suppose that the Plaintiff has. been.guilty of neglect in not bringing his suit in proper time, as, it is more than five years since this transaction took place. Under all the circumstances of the case,connected with this lapse of time, and under a knowledge that his debts were discharged by a sale of his tobacco, at -19s. per cwt.(a price more than it was really worth,). I cannot -believe that the Master of the Rolls, who laid down the rule, woukl-have sustained a hill on behalf of the Plaiu-tiff, in case it had been brought before him,
it appears then, that a trustee may be a purchaser, and that his purchase will be protected., unless the cestui que trust apply within a reasonable, time after the notice, to have a re-sale. And according to this rule, if Kimble, became the purchaser of Mealor’s tobacco, by selling bis own in lieu of it, he ought to be protected in the purchase, It is not pretended that-the. sale was not honestly made, and for a full price 5 and it would have been *279 equally soj if the Plaintiff’s tobacco hath Been sold fob 18 s.'Hut’let it be'assumed that Kimble had rio right to ritíbstítufé' and Scll’liis own tobacco for M'calor’s; it follows that Méálor’S tobacco1 was not sold at all. 'Then Méñlor’s debts 'Were paid with Kitrible’s own money, and had he brórighCaii action against Mcalor for the money so advanced,-' -Méítlor would bate defended himself by proving tlfo teriris ori; which Khrible.to'ok the tobacco^ rirtd that the price of tobacco was 18V.-at the time Kim-ble ought ’to brire* paid it; and so it would have been settled. There would h'áve béen the sanie5 result, if the present action had befcrimrought before Kiriible sold to Clanton, and why that circumstance should make any difference I am at a-Itfsá:fo! see. Had not Mealor’s'debts been paid off, thé éasfe would be'very different; in ‘that Case, if tobacco had risen in price, after the time when 'Kimble-ought 'to'have dol'd*'he ought to be answerable’ for such rise or in casériit had fallen,' hb ought to; be answerable for-what it would have- brought when-he oigbtto have sáltHtú ór if hiS o'wii1 tobacco liad been Of less valrie than the Plaintiff’s, and he had sold it as the Plaintiff’s, the Same 'eohseipriesete bright to follow. The óriíy offence that I can sec'-thciBefendarit has been guilty of, is, that he allowed thb'Plaintiff- a'greater price 'for' his‘tobacco, or, sdld it for d*greater pride than it was worth; for this he-ought’-bribe forgiven;' rind I think the bule-for a new tsfiril Shobld'bfe discharged." ’ "